PEDRO RUIZ, Plaintiff and Appellee, v. DANIELA MORENO, Defendant and Appellant.

No. 4992. Argued March 18, 1930.—Decided March 31, 1930.

F. Cervoni Gely and H. B. Llenza, for appellant. González Fagundo & González, Jr., for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an injunction proceeding in which the defendant interposed a demurrer to the complaint for lack of facts sufficient to constitute a cause of action. The demurrer was overruled and, after a trial, the lower court rendered a judgment against the defendant. The overruling of that demurrer is assigned as a first ground of the appeal herein.

The appellant urges in her brief that the demurrer was

well founded, because the strip of land involved in the suit is not described in the complaint with sufficient clearness to enable the marshal to identify it at any given time.

The appellee alleged in the complaint that for several years past he has had legal possession of a lot measuring 405 meters, situated in the city of Humacao and which he described by metes and bounds. It appears from the complaint that this lot includes a house and is bounded on the west by Desengaño street and by property of Angela Moreno, and on the north by the suburban district of José Manuel Pérez. The portion of the lot from which the plaintiff claims to have been ousted by the defendant is a strip of land on the western boundary, adjacent to the property of Angela Moreno, and measures 21.50 meters in length and 2.50 in width where it adjoins the said suburban district and 4.25 meters at the other end. It seems to us that with such data the strip of land in question was properly identified.

It is averred in the complaint that the defendant committed the said ouster against the will of the plaintiff, without his consent and in a surreptitious way, by means of threats of violence upon any person who should try to prevent the acts she was committing. The appellant contends that these averments are contradictory, and hence do not show a cause of action.

Those allegations aver the ouster committed by the defendant, which is an essential element of the proceeding instituted herein, and they are not contradictory as they all refer to the lack of consent on the part of the plaintiff.

It is also urged that the complaint was not properly verified. But this is not so, since the person who verified it stated that all the facts alleged therein are true of his own knowledge and that he verified the pleading because the plaintiff is not personally acquainted with the facts.

The second assignment of error relates to the dismissal of the motion for nonsuit on the ground that the evidence

was insufficient to support the allegations of the complaint; and the third sets up that the court erred in rendering judgment for the plaintiff. These assignments can be considered jointly as both relate to the insufficiency of the evidence.

We have examined the evidence introduced at the trial and find it sufficient to sustain the judgment appealed from, as the testimony of the witnesses for the plaintiff has established that he had legal possession of the land in question at the time the defendant occupied it by fencing it off. The appellant did not deny in her testimony that she caused the fence to be erected, although she and her witnesses testified that the fence is located on her own land. It being a fact that defendant Moreno occupied a piece of land in the legal possession of the plaintiff, the question of whether the fence dividing the two adjacent tenements was placed by the defendant on land belonging to her is one which can not be determined in the proceeding which has given rise to the present appeal.

The judgment appealed from must be affirmed.